Dear Mr. Landry:
You requested the opinion of this office concerning the budgetary control, if any, the Iberia Parish Council (the "Council") has over the Iberia Parish Recreation and Playground Board (the "Board"). Your questions are whether the Council has budgetary approval of the Board's budget, and if so, does this budgetary approval include approval of individual salaries of employees as recommended by the the Iberia Parish Recreation Superintendent to the Board?
By Ordinance 86-10-319 and pursuant to the provisions of Article VI, Sections 5 and 15 of the Constitution of the State of Louisiana of 1974, and Article VIII, Section 8—02 of the Home Rule Charter of the Parish of Iberia, the Council created the Iberia Parish Recreation and Playground Commission (the "Commission").
The boundaries of the Commission were the same as the parish boundaries less and except the area contained within the corporate boundaries of the City of New Iberia. The Commission was created as a body politic and political subdivision with the right to sue and be sued and to incur debt and issue bonds and to perform any function and exercise any power necessary, requisite, or proper for the management of its affairs as authorized. The control and management of the Commission was vested in the Board. Section 18-43 of Ordinance 86-10-391.
Article VI, Section 15 of the Louisiana Constitution states as follows:
 "The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency." (Emphasis supplied.)
Thus the Constitution grants unto the creating authority, in this instance the Council, the right to supervise the actions of the entity created by it, namely the Commission. That the Council has decided to reserve unto itself the right to supervise the budget of the Commission is shown by the Section 18-18 of the Ordinance as follows:
 "The board shall establish a budget for the operating and maintenance expenses on a calendar year basis which budget shall be submitted to the Iberia Parish Council for approval before adoption. The board shall have no authority to exceed any budget item once approved by the parish council unless and until such excess items have been submitted to and approved by the parish council." (Emphasis supplied.)
Based upon the foregoing, it is evident that the Council has retained the right to approve the Board's budget.
The Ordinance authorizes the Board to name and employ a person who shall be designated as Superintendent. The Board has the power to prescribe and pay an annual salary to the Superintendent. Section 18-14(6). The Board is specifically instructed that the actual administration of public recreation and its facilities are to be accomplished through the Superintendent and the Board is to endeavor to avoid actual participation in the administrative affairs of the recreation board. Section 18-15(b). The powers and duties of the Superintendent are set forth in Section 18-15 which provides in part as follows:
 "(a) The superintendent shall be responsible for the following duties, but not limited to:
 (3) Develop and execute sound personnel procedures and practices including, but not limited to the establishment and abolishment of positions; the transfer of duties between positions; the assigning of duties; the directing, controlling, transferring, promoting, demoting and any other change in the status of employees of the board; the nominating of any and all such employees and the salaries to be paid in each case.
 (5) Direct the implementation of an evaluative program for the appraisal of personnel and take an active role in the development of benefits for all personnel and recommend to the board those benefits which, within budgetary limitations, will best serve the interests of the board.
 (7) Supervise the preparation of annual budget of the board.
 (8) Approve and direct all purchases and expenditures within the approved budget of the board." (Emphasis supplied.)
Thus the Council has authorized the Board to set the Superintendent's salary and the Superintendent to set the salaries of the employees of the Board.
If the budget contains each employee's salary as separate line items, it would appear that the Council has the right to review each item in the budget. of course, such review would have the effect of moving the administrative functions from the Superintendent and the Board to the Council, which would render the Board meaningless and purposeless.
If, however, the budget contains one line item for salaries (which is all that is required by the Ordinance, the Local Government Budget Act, R.S. 39:1301, et seq., and accounting standards) without detailing the specific salaries of the various employees, the Council would not review and approve the individual salaries of the employees. In that instance, the Council would review whether the budget, in its entirety, is fiscally sound thus leaving it to the Board, through the Superintendent, to determine in their discretion, the amounts the employees of the recreation district should be paid, provided the total paid did not exceed the lump sum approved by the Council.
Trusting this adequately responds to your request, I remain
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: __________________________ MARTHA S. HESS Assistant Attorney General
MSH: jay